| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: <br><br> <u>Southern</u> ___ District of <u>New York</u> <br> (State) <br><br> Case number (*if known*): _____  Chapter <u>11</u> |

❑ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
| --- | --- | --- |
| 1. | **Debtor's name** | Biotie Therapies AG |
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | — — – — — — — — — — |

| | | | |
| --- | --- | --- | --- |
| 4. | **Debtor's address** | **Principal place of business** <br><br> <u>Limmatquai 72</u> <br> Number       Street <br><br> <u>8001 Zürich, Switzerland</u> <br><br> City              State      ZIP Code <br><br> _____ <br> County | **Mailing address, if different from principal place of business** <br><br> _____ <br> Number      Street <br><br> _____ <br> P.O. Box <br><br> City              State      ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number      Street <br><br> _____ <br><br> City              State      ZIP Code |
| 5. | **Debtor's website** (URL) | https://www.acorda.com |

Debtor    Biotie Therapies AG
_____    Case number (*if known*)_____
          Name

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

      _3_  _2_  _5_  _4_

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| Debtor | Biotie Therapies AG | Case number (if known) |
|---|---|---|
| | Name | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
              MM / DD / YYYY

          District _____ When _____ Case number _____
              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor _See Attachment A_____ Relationship _Affiliates_____

          District _Southern District of New York_ When _Date hereof_____
                                                              MM / DD / YYYY

          Case number, if known _____

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
                        Number        Street

_____

_____
City                                State ZIP Code

Is the property insured?

☐ No

☐ Yes. Insurance agency _____

          Contact name _____

          Phone _____

**Statistical and administrative information**

| Debtor | Biotie Therapies AG | Case number *(if known)* |
|---|---|---|
| | Name | |

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
(on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☑ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**
(on a consolidated basis)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**
(on a consolidated basis)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04 / 01 / 2024
               MM  / DD / YYYY

✘ /s/ Michael A. Gesser

Signature of authorized representative of debtor

Michael A. Gesser

Printed name

Title  Authorized Signatory

---

| Debtor | Biotie Therapies AG | Case number *(if known)* |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✖ /s/ Blaire Cahn

Signature of attorney for debtor

Date __04/01/2024__
MM / DD / YYYY

Blaire Cahn
Printed name

Baker & McKenzie LLP
Firm name

452        Fifth Avenue
Number        Street

New York                                NY        10018
City                                        State        ZIP Code

212-626-4695                        blaire.cahn@bakermckenzie.com
Contact phone                        Email address

4737276                                NY
Bar number                                State

**UNANIMOUS CIRCULAR RESOLUTIONS OF THE
BOARD OF DIRECTORS OF
BIOTIE THERAPIES AG
a Swiss company limited by shares**

March 30, 2024

The undersigned, being all of the directors of the Board of Directors (the "*Board*") of Biotie Therapies AG, a Swiss company limited by shares with registered address at c/o Intertrust (Suisse) SA, Zweigniederlassung Zurich, Limmatquai 72, 8001 Zürich, Switzerland with reference number CHE-113.978.157 (the "*Company*"), take the following resolutions. The Board renounces to meet in person and does hereby consent to, vote for and adopt the following resolutions as of the date set forth above:

**WHEREAS**, the Company is part of the company group Acorda Therapeutics (the "*Group*"), ultimately held by Acorda Therapeutics, Inc., a Delaware (United States of America) corporation (the "*Parent*") and is indirectly wholly owned by the Parent;

**WHEREAS**, the Parent has determined that it is desirable and in the best interests of the Parent that a petition be filed, including by the Company and certain of the Parent's direct and indirect wholly-owned subsidiaries, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*");

**WHEREAS**, the Parent has, with the assistance of the Company's and its own legal and financial advisors, been conducting over an extended period an exhaustive review of strategic alternatives;

**WHEREAS**, the Board, with the assistance of its advisors, has reviewed and had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of the Parent regarding, among other things, the liabilities and liquidity of the Parent and the Group, the strategic alternatives available to it, and the impact of the Chapter 11 Case;

**WHEREAS**, the Board, with the assistance of its advisors, had the opportunity to consult with the management and the legal and financial advisors of the Parent to fully consider each of the strategic alternatives available to the Parent and the Group;

**WHEREAS**, in the context of the Chapter 11 Case the Board has determined that taking the actions set forth below are in the best interests of the Company and its stakeholders;

**WHEREAS**, the Board is well aware of the financial situation of the Group and had assessed the creditworthiness of the Parent and its affiliates;

**WHEREAS**, the Board is well aware of the financial situation of the Company and is of the opinion that none of the third parties creditors' claims will be jeopardized as a result of the resolutions taken herein.

I.    <u>COMMENCEMENT OF CHAPTER 11 CASE</u>

**NOW, THEREFORE BE IT RESOLVED**, the Board has determined, after consultation with management and its and the Group's legal and financial advisors, that it is desirable and in the best interests of the Company and its stakeholders that a petition be filed by the Company and certain Group companies seeking relief under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and be it further

**RESOLVED**, that any member, officer or director of the Company (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, to negotiate, execute, verify, deliver and file, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, affidavits, declarations, orders, notices and other papers (collectively, the "**Chapter 11 Filings**") (with such changes therein and additions thereto as such Authorized Officer may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by such Authorized Officer with any changes thereto to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard) in the Bankruptcy Court, and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**"), including negotiating, executing, delivering, performing and filing any and all documents, schedules, statements, lists, papers, agreements, certificates and instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case, the transactions and professional retentions set forth in this resolution; and be it further

## II.    Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Case, the Board has determined that it is in the best interests of the Company to guarantee the Parent's obligations under the DIP Credit Agreement (as defined below), and (iii) to consummate the transactions under that certain senior secured debtor-in-possession credit facility in an aggregate principal amount of up to $60,000,000 to be evidenced by that certain Debtor-in-Possession Credit Agreement, by and among the Parent and each of its subsidiary entities, including the Company, as guarantors (the "**Guarantors**"), the lenders from time to time party thereto (the "**Lenders**"), and the administrative agent for the Lenders (in such capacity and together with its successors, the "**Agent**") (on the terms and conditions substantially similar to those set forth in the form previously provided to the Board and attached thereto, together with the Exhibits and Schedules, the "**DIP Credit Agreement**," capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement), in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct of the business of the Company (the "**Debtor-in-Possession Financing**"), and be it further

**RESOLVED**, that the execution and delivery of the DIP Credit Agreement and the DIP Financing Documents (as defined below) by the Company and the consummation by the Company of the transactions contemplated thereunder, including (i) the guaranty of the obligations thereunder as provided in any guaranty, (ii) the grant of a security interest in and liens upon substantially all of the Parent's assets in favor of the secured parties (including the authorization of financing statements in connection with liens), and (iii) the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting Exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including interest rate or currency hedging arrangements (each a "**DIP Financing Document**" and collectively, the "**DIP Financing Documents**"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby severally authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver the DIP Credit Agreement and any other DIP Financing Document to which the Company is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the DIP Credit Agreement and such DIP Financing Documents with any changes thereto by the relevant Authorized Officer, to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard; and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case and (ii) any and all of the other agreements, including any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and filed in connection with the Debtor-in-Possession Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Document, in the name and on behalf of the Company, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement and any other DIP Financing Document, including the granting of security thereunder; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of the Company thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and deliver to the Agent, on behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the DIP Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

**ACKNOWLEDGED**, that any Authorized Officer is not under any conflict of interest with respect to the DIP Credit Agreement and any other DIP Financing Document that, pursuant to the Company's articles of association, statutory law or otherwise would require her/him to recuse herself/himself from passing the resolutions contained herein; and be it further

**ACKNOWLEDGED**, that the terms of, the entry into and performance by the Company into the DIP Credit Agreement and any other DIP Financing Document are in the best interest of the Company; and be it further

### III.   **RESTRUCTURING SUPPORT AGREEMENT**

**RESOLVED**, that in connection with the Chapter 11 Case, the Board has determined that it is in the best interests of the Company to enter into that certain Restructuring Support Agreement (the "***Restructuring Support Agreement***") on the terms and conditions substantially similar to those set forth in the form previously provided to the Board; and be it further

**RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement, together with the term sheet annexed thereto (the "***Term Sheet***") and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved and declared advisable and in the best interests of the Company, with such changes therein and additions thereto as the Authorized Officer executing the same may in his or her sole discretion deem necessary or appropriate, the execution of the Restructuring Support Agreement to be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to deliver, certify, file and record, the Restructuring Support Agreement, including the Term Sheet attached thereto and such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement, including the Term Sheet; and be it further

### IV.   **RETENTION OF PROFESSIONALS**

**RESOLVED**, that, in connection with the Chapter 11 Case, any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the Company, that such Authorized Officer deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, that Baker & McKenzie LLP, located at 452 Fifth Avenue, New York, NY 10018, is hereby retained as legal counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Ernst & Young LLP, located at One Manhattan West, New York, NY 10001, is hereby retained as financial advisor and auditor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Ducera Partners LLC, located at 11 Times Square, 36th Floor, New York, NY 10036, is hereby retained as lead financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Leerink Partners LLC, an investment and financial advisory firm with principal offices at 1301 Avenue of the Americas, 12th Floor, New York, NY 10019, as well as other locations in the United States, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, is hereby retained as (i) claims and noticing agent and (ii) administrative and ballot agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## V.     <u>GENERAL AUTHORIZATION; RATIFICATION OF PAST ACTS</u>

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds that, in the judgment of such Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case, including (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, notes, certificates, or other documents that may be required, (ii) the execution, delivery, certification, recordation, performance under and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Officer, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Officer deemed the same to meet such standard; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and be it further

**RESOLVED**, that any Authorized Officer is expressly authorized, individually, with the right to substitution and expressly authorized to represent various parties in the same matter (multiple representation), to do and procure to be done or deliver all and any such acts and things as may be required, necessary of advantageous in his sole opinion in order to implement the aforementioned resolutions.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Directors of Biotie Therapies AG hereby consent to and adopt the foregoing resolutions as of the date first written above, and waive the requirement that a meeting be held to accomplish the same.

DocuSigned by:

DCDE50B0862F449...

Ron Cohen

DocuSigned by:

EF0495988FFE403...

Michael Anthony Gesser

*[Signature Page to Board Resolutions of Biotie Therapies AG]*

**SHAREHOLDER'S RESOLUTIONS OF**
**BIOTIE THERAPIES AG**
**a Swiss company limited by shares**
**(the "*Company*")**

March 30, 2024

The undersigned representing the sole shareholder of the Company, BIOTIE THERAPIES LLC, a Delaware (United States of America) limited liability company (the "***Shareholder***") and the entire share capital, i.e. 7,160,306 shares of CHF 2 each, of the Company takes the following circular resolutions based on article 701 para 3 of the Swiss code of obligations as of the date set forth above.

**WHEREAS**, the Company is part of the company group Acorda Therapeutics (the "***Group***"), ultimately held by Acorda Therapeutics, Inc., a Delaware (United States of America) corporation (the "***Parent***") and is indirectly wholly owned by the Parent;

**WHEREAS**, the Parent has determined that it is desirable and in the best interests of the Parent that a petition be filed, including by the Company and certain of the Parent's direct and indirect wholly-owned subsidiaries, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***");

**WHEREAS**, the Parent has, with the assistance of the Company's and its own legal and financial advisors, been conducting over an extended period an exhaustive review of strategic alternatives;

**WHEREAS**, the Shareholder has reviewed and had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of the Parent regarding, among other things, the liabilities and liquidity of the Parent and the Group, the strategic alternatives available to it, and the impact of the Chapter 11 Case;

**WHEREAS**, the Shareholder, with the assistance of its advisors, has had the opportunity to consult with the management and the legal and financial advisors of the Parent to fully consider each of the strategic alternatives available to the Parent and the Group;

**WHEREAS**, in the context of the Chapter 11 Case the Shareholder has determined that taking the actions set forth below are in the best interests of the Company and its stakeholders;

**WHEREAS**, the Shareholder is well aware of the financial situation of the Group and had assessed the creditworthiness of the Parent and its affiliates;

**WHEREAS**, the Shareholder is well aware of the financial situation of the Company and is of the opinion that none of the third parties creditors' claims will be jeopardized as a result of the resolutions taken herein;

**WHEREAS**, the Shareholder has the intention and hereby requires the board of directors of the Company to implement the following resolutions.

I.    <u>**Commencement of Chapter 11 Case**</u>

**NOW, THEREFORE BE IT RESOLVED**, the Shareholder has determined, after consultation with management and its and the Group's legal and financial advisors, that it is desirable and in the best

interests of the Company and its stakeholders that a petition be filed by the Company and certain Group companies seeking relief under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and be it further

**RESOLVED**, that any member, officer or director of the Company (each, an "***Authorized Officer***"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, to negotiate, execute, verify, deliver and file, in the name and on behalf of the Company, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, affidavits, declarations, orders, notices and other papers (collectively, the "***Chapter 11 Filings***") (with such changes therein and additions thereto as such Authorized Officer may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by such Authorized Officer with any changes thereto to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard) in the Bankruptcy Court, and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper or desirable in connection with the Company's chapter 11 case (the "***Chapter 11 Case***"), including negotiating, executing, delivering, performing and filing any and all documents, schedules, statements, lists, papers, agreements, certificates and instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case, the transactions and professional retentions set forth in this resolution; and be it further

## II.    Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Case, the Shareholder has determined that it is in the best interests of the Company to guarantee the Parent's obligations under the DIP Credit Agreement (as defined below), and (iii) to consummate the transactions under that certain senior secured debtor-in-possession credit facility in an aggregate principal amount of up to $60,000,000 to be evidenced by that certain Debtor-in-Possession Credit Agreement, by and among the Parent and each of its subsidiary entities, including the Company], as guarantors (the "***Guarantors***"), the lenders from time to time party thereto (the "***Lenders***"), and the administrative agent for the Lenders (in such capacity and together with its successors, the "***Agent***") (on the terms and conditions substantially similar to those set forth in the form previously provided to the Shareholder and attached thereto, together with the Exhibits and Schedules, the "***DIP Credit Agreement***," capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement), in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct of the business of the Company (the "***Debtor-in-Possession Financing***"), and be it further

**RESOLVED**, that the execution and delivery of the DIP Credit Agreement and the DIP Financing Documents (as defined below) by the Company and the consummation by the Company of the transactions contemplated thereunder, including (i) the guaranty of the obligations thereunder as provided in any guaranty, (ii) the grant of a security interest in and liens upon substantially all of the Parent's assets in favor of the secured parties (including the authorization of financing statements in connection with liens), and (iii) the execution, delivery and performance of all other agreements, instruments, documents, notices or certificates constituting Exhibits to the DIP Credit Agreement or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including interest rate or currency hedging arrangements (each a "***DIP Financing Document***" and collectively, the "***DIP Financing Documents***"), the making of the representations and warranties and compliance with the covenants thereunder and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby severally authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver the DIP Credit Agreement and any other DIP Financing Document to which the Company is a party, with such changes therein and additions thereto as any such Authorized Officer, in his or her sole discretion, may

deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the DIP Credit Agreement and such DIP Financing Documents with any changes thereto by the relevant Authorized Officer, to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard; and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case and (ii) any and all of the other agreements, including any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and filed in connection with the Debtor-in-Possession Financing and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Document, in the name and on behalf of the Company, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement and any other DIP Financing Document, including the granting of security thereunder; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Credit Agreement and any other DIP Financing Document to secure all of the obligations and liabilities of the Company thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and deliver to the Agent, on behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the DIP Credit Agreement and any other DIP Financing Document, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement or any other DIP Financing Document and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

**ACKNOWLEDGED**, that the terms of, the entry into and performance by the Company into the DIP Credit Agreement and any other DIP Financing Document are in the best interest of the Company; and be it further

## III.    RESTRUCTURING SUPPORT AGREEMENT

**RESOLVED**, that in connection with the Chapter 11 Case, the Shareholder has determined that it is in the best interests of the Company to enter into that certain Restructuring Support Agreement (the "***Restructuring Support Agreement***") on the terms and conditions substantially similar to those set forth in the form previously provided to the Shareholder; and be it further

**RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement, together with the term sheet annexed thereto (the "***Term Sheet***") and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved and declared advisable and in the best interests of the Company, with such changes therein and additions thereto as the Authorized Officer executing the same may in his or her sole discretion deem necessary or appropriate, the execution of the Restructuring Support Agreement to be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to deliver, certify, file and record, the Restructuring Support Agreement, including the Term Sheet attached thereto and such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement, including the Term Sheet; and be it further

## IV.    RETENTION OF PROFESSIONALS

**RESOLVED**, that, in connection with the Chapter 11 Case, any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the Company, that such Authorized Officer deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, that Baker & McKenzie LLP, located at 452 Fifth Avenue, New York, NY 10018, is hereby retained as legal counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Ernst & Young LLP, located at One Manhattan West, New York, NY 10001, is hereby retained as financial advisor and auditor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Ducera Partners LLC, located at 11 Times Square, 36th Floor, New York, NY 10036, is hereby retained as lead financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Leerink Partners LLC, an investment and financial advisory firm with principal offices at 1301 Avenue of the Americas, 12th Floor, New York, NY 10019, as well as other locations in the United States, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, is hereby retained as (i) claims and noticing agent and (ii) administrative and ballot agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

## V.    GENERAL AUTHORIZATION; RATIFICATION OF PAST ACTS

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds that, in the judgment of such Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case, including (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, notes, certificates, or other documents that may be required, (ii) the execution, delivery, certification, recordation, performance under and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Officer, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Officer deemed the same to meet such standard; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and be it further

**RESOLVED**, that any Authorized Officer is expressly authorized, individually, with the right to substitution and expressly authorized to represent various parties in the same matter (multiple representation), to do and procure to be done or deliver all and any such acts and things as may be required, necessary of advantageous in his sole opinion in order to implement the aforementioned resolutions.

**RESOLVED**, to instruct the board of directors of the Company to carry out these resolutions.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the undersigned, representing the sole shareholder of Biotie Therapies AG hereby consent to and adopt the foregoing resolutions as of the date first written above, and waive the requirement that a meeting be held to accomplish the same.

<u>SOLE SHAREHOLDER</u>

**BIOTIE THERAPIES, LLC**

DocuSigned by:

*Michael Gesser*

By: ___ EF0495988FFE403... _____

Name:    Michael Gesser

Title: Authorized signatory

*[Signature Page to Shareholder Resolutions of Biotie Therapies AG]*

**Attachment A**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.  The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company |
| --- |
| Acorda Therapeutics Limited |
| Acorda Therapeutics, Inc. |
| Biotie Therapies AG |
| Biotie Therapies, LLC |
| Civitas Therapeutics, Inc. |
| Neuronex, Inc. |

John R. Dodd (*pro hac vice* pending)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: john.dodd@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4695
Facsimile: 212-310-1695
Email: blaire.cahn@bakermckenzie.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| ACORDA THERAPEUTICS, INC., *et al.,*[1] | Case No. 24-_____ (___) |
| Debtor. | Joint Administration Requested |

_____/

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and

Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, Acorda

Therapeutics, Inc. ("**Acorda**") and its affiliated debtors in the above-captioned chapter 11 cases,

as debtors and debtors in possession (collectively, the "**Debtors**") hereby disclose that the

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A). For the purposes of these Chapter 11 Cases, the address for the Debtors is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.

following are the corporations, other than a governmental unit, that directly own 10% or more of any class of the Debtors' equity interest:

1.      Acorda is a publicly traded corporation.  No corporation owns 10% or more of any class of Acorda's equity interest.[2]

2.      Acorda directly owns 100% of the equity or membership interests, as applicable, of each other Debtor, with the exception of Biotie Therapies AG.

3.      Biotie Therapies, LLC directly owns 100% of the equity and membership interests of Biotie Therapies AG.

---

[2]Information provided is based on publicly available information as of the date hereof and may not reflect transfers not yet reported under sections 13 and 16 of the 1934 Securities Exchange Act.

John R. Dodd (*pro hac vice* pending)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: john.dodd@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4695
Facsimile: 212-310-1695
Email: blaire.cahn@bakermckenzie.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| ACORDA THERAPEUTICS, INC., *et al.,*[1] | Case No. 24-_____ (___) |
| Debtor. | Joint Administration Requested |
| _____/ | |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of Debtors' equity security holders (other than Acorda Therapeutics,

Inc.)[2] which is prepared in accordance with rule 1007(a)(3) for filing in these chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A). For the purposes of these Chapter 11 Cases, the address for the Debtors is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.
[2] By the *Motion of Debtors for Entry of an Order (i) Extending the Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statement of Financial Affairs, and (ii) Waiving the Requirement to File List of Equity Security Holders and Provide Notice to Equity Security Holders* filed contemporaneously herewith, Debtor Acorda Therapeutics, Inc. is requesting a waiver of the requirement under rule 1007 to file a list of all of its equity security holders.

| DEBTOR | NAME AND ADDRESS OF EQUITY HOLDER | NUMBER OF SHARES OR PERCENTAGE OF EQUITY HELD |
|---|---|---|
| Acorda Therapeutics, Inc. | Davidson Kempner Capital Management LP 520 Madison Avenue New York, New York 10022 | 55,145 |
| Acorda Therapeutics, Inc. | Renaissance Technologies, LLC 800 Third Ave New York, New York 10022 | 45,761 |
| Acorda Therapeutics, Inc. | Acadian Asset Management LLC 260 Franklin Street Boston, Massachusetts 02110 | 33,691 |
| Acorda Therapeutics, Inc. | Vanguard Group Inc. PO Box 2600 Valley Forge, Pennsylvania, 19482 | 10,808 |
| Acorda Therapeutics, Inc. | Blackrock Inc. 50 Hudson Yards New York, New York 10001 | 6,628 |
| Acorda Therapeutics, Inc. | Wells Fargo & Company/Mn 420 Montgomery Street San Francisco, California 94163 | 3,741 |
| Acorda Therapeutics, Inc. | Morgan Stanley 1585 Broadway New York, New York 10036 | 1,176 |
| Acorda Therapeutics, Inc. | Russell Investments Group, Ltd. Rex House, 10 Regent Street London, England SW1Y4PE | 300 |
| Acorda Therapeutics, Inc. | UBS Group AG Bahnhofstrasse 45 Zurich, Switzerland CH-8001 | 298 |
| Acorda Therapeutics, Inc. | Bank of America Corp /De Bank of America Corporate Center Charlotte, North Carolina 28255 | 50 |
| Acorda Therapeutics, Inc. | Royal Bank of Canada Royal Bank Plaza Toronto, Canada M5J2J5 | 14 |
| Acorda Therapeutics, Inc. | First Manhattan Co. LLC 399 Park Ave New York, New York 10022 | 3 |
| Acorda Therapeutics, Inc. | JPMorgan Chase & Co. 383 Madison Avenue New York, New York 10017 | 3 |
| Acorda Therapeutics, Inc. | Osaic Holdings, Inc. 2800 N. Central Avenue Phoenix, Arizona 85004 | 1 |

| DEBTOR | NAME AND ADDRESS OF EQUITY HOLDER | NUMBER OF SHARES OR PERCENTAGE OF EQUITY HELD |
|---|---|---|
| Acorda Therapeutics, Inc. | Qube Research & Technologies Ltd 10th Flr, Nova South Building, London, , SW1E 5LB (44207) | 1 |
| Civitas Therapeutics, Inc. | Acorda Therapeutics, Inc. 2 Blue Hill Plaza, 3rd Floor Pearl River, New York 10965 | 100% |
| Biotie Therapies, LLC | Acorda Therapeutics, Inc. 2 Blue Hill Plaza, 3rd Floor Pearl River, New York 10965 | 100% |
| Neuronex, Inc. | Acorda Therapeutics, Inc. 2 Blue Hill Plaza, 3rd Floor Pearl River, New York 10965 | 100% |
| Acorda Therapeutics Limited | Acorda Therapeutics, Inc. 2 Blue Hill Plaza, 3rd Floor Pearl River, New York 10965 | 100% |
| Biotie Therapies AG | Biotie Therapies, LLC 2 Blue Hill Plaza, 3rd Floor Pearl River, New York 10965 | 100% |

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name __Biotie Therapies AG__ |
| United States Bankruptcy Court for the: __Southern__ District of __New York__ (State) |
| Case number (*If known*): _____ |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __Consolidated Corporate Ownership Statement and Consolidated List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __04/01/2024__          ✘ /s/ Michael A. Gesser
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

                                      Michael A. Gesser
                                      Printed name

                                      Authorized Signatory
                                      Position or relationship to debtor