UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                              :
In re                                                         :        Chapter 11
                                                              :
ACORDA THERAPEUTICS, INC., *et al.*,                          :        Case No. 24-22284 (DSJ)
                                                              :
Debtors.[1]                                                   :        (Jointly Administered)
                                                              :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## STATEMENT OF FINANCIAL AFFAIRS FOR
## BIOTIE THERAPIES AG (CASE NO. 24-22289)

---

[1]   The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A).  For the purposes of these Chapter 11 Cases, the address for the Debtors is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| ACORDA THERAPEUTICS, INC, *et al.*,[1] | Case No. 24-22284 (DSJ) |
| Debtors. | Jointly Administered |

_____/

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On April 1, 2024 (the "**Petition Date**") Acorda Therapeutics, Inc. and certain of its affiliates (each a "**Debtor**" and collectively, the "**Debtors**") commenced voluntary cases (the "**Chapter 11 Cases**") under title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Debtors continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 24-22284 (DSJ).

The Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") were prepared pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by the Debtors' management, in conjunction with their financial and legal advisors, using unaudited information available as of the Petition Date.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets, and should be referred to in connection with any review of the Schedules and Statements. Disclosure of information in one Schedule, sub-Schedule, Statement, sub-Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

***The Schedules and Statements and these Global Notes should not be relied upon by any***

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number are: Acorda Therapeutics, Inc. (1168); Civitas Therapeutics, Inc. (2814); Biotie Therapies, LLC (2149); Biotie Therapies AG (N/A); Neuronex, Inc. (5094), Acorda Therapeutics Limited (N/A). The Debtors' mailing address is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.

*persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.*

<u>**Reservation of Rights**</u>

The Debtors' Chapter 11 Cases are large and complex. The Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the information that was available to them at the time of preparation.

The Debtors have made reasonable efforts to schedule the assets and liabilities, required financial information, and cash disbursements according to the appropriate Debtor entity. However, it is possible that not all scheduled information is attributed or recorded with the correct Debtor entity on these Schedules and Statements. Further, one affiliate company of the Debtors did not file a petition for relief under the Bankruptcy Code in the Bankruptcy Court of this or any other jurisdiction in the United States (the "**Non-Debtor Affiliate**"). The Debtors have made every reasonable effort to exclude all assets and liabilities of the Non-Debtor Affiliate in the Schedules and Statements.

Subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. As the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are accurate and/or complete. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements.

The Debtors have made reasonable efforts to characterize, classify, categorize or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly. Due to the complexity and size of the Debtors' businesses, however, the Debtors may have improperly characterized, classified, categorized, or designated certain items. In addition, certain items reported in the Schedules and Statements could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, any issues involving substantive consolidation for plan purposes, subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant and/or contractual counterparty, or a waiver of a Debtor's right to recharacterize or reclassify such claim or contract. Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection. The Debtors reserve their

respective rights to dispute, or assert offsets, setoffs, or defenses to, any claim reflected on the Schedules as to the nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent, and/or unliquidated.

The Debtors and their attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. The Debtors and their attorneys and financial advisors expressly do not undertake any obligation to revise the information provided herein, or to notify any third party should the information be revised. In no event shall the Debtors or their attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including damages arising from the disallowance of a potential claim against the Debtors), whether foreseeable or not and however caused, even if the Debtors or their attorneys and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Michael Gesser, in his capacity as Chief Financial Officer and Treasurer of Acorda Therapeutics, Inc., President and Treasurer of Civitas Therapeutics, Inc., and Board Member of Biotie Therapies LLC, Neuronex, Inc., and Biotie Therapies AG, and Ron Cohen as Board Member of Acorda Therapeutics Limited. In reviewing and signing the Schedules and Statements, Mr. Gesser and Dr. Cohen have necessarily relied upon the efforts, statements, and representations of the Debtors' various personnel and advisors. Mr. Gesser and Dr. Cohen have not (and could not possibly have) personally verified the accuracy of each statement and representation included in the Schedules and Statements, including statements and representations concerning amounts owed to creditors and their addresses.

In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control. Additionally, disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

### Global Notes and Overview of Methodology

1. **Basis of Presentation**. The Debtors historically prepared consolidated quarterly and annual consolidated financial statements that were audited annually and included all of the Debtors, as well as affiliated non-Debtor entities. Unlike the consolidated financial statements, the Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis. Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with accounting principles generally accepted in the United States ("**GAAP**"), nor are they intended to fully reconcile to the financial statements prepared by the Debtors. These Schedules and Statements reflect the best available estimate of assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the data extracted from the available Debtors' books and records

and historical financial statements. The fair value and net realizable value of real and personal property may vary materially from the net book value presented herein.

2.    **Reporting Date**. Each Debtor operates on a fiscal year ending on December 31st annually. All asset and liability information, except where otherwise noted, is provided as of the Petition Date.

3.    **Currency**. All amounts are reflected in U.S. dollars, unless otherwise indicated.

4.    **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities, and the reported amounts of revenue and expense. Actual results could differ materially from these estimates. The Debtors reserve the right to amend the reported amounts of assets, liabilities, revenues, and expenses to

5.    **Claims Description**. Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."

6.    **Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined values or, conversely, claims listed as unliquidated, contingent and/ or disputed, the actual totals may be different than the listed totals.

7.    **Undetermined, To be Determined or Unknown Amounts**. The description of an amount as "undetermined," "to be determined," or "unknown" is not intended to reflect upon the materiality of such amount. Certain amounts may be clarified during the course of the Chapter 11 Cases.

8.    **Asset Presentation and Valuation**. The Debtors' assets presented are based on values consistent with their books and records. These values do not purport to represent the ultimate value that would be received in the event of a sale, and may not represent economic value as determined by an appraisal or other valuation technique. As it would be prohibitively expensive and an inefficient use of estate assets for the Debtors to obtain current economic valuations for all of their assets, unless otherwise noted, the carrying value on the Debtors' books (*e.g.*, net book value), rather than current economic values, is reflected on the Schedules and Statements.

9.    **Cash Management.** The Debtors use an integrated, centralized cash management system to facilitate the collection, concentration and disbursement of the various Debtors' funds around the world. As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system. A description of the Debtors' prepetition cash management system is contained in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System, Bank Accounts, and Business Forms, (B) Continue Intercompany Transactions, (II) Granting Administrative Expense Status to Postpetition Intercompany Claims, and (III) Waiving Certain Operating Guidelines* [Docket No. 15].

4

**10.    <u>Contingent Assets and Causes of Action</u>**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any causes of action, avoidance actions, controversy, right of set-off, cross claim, counterclaim, or recoupment, and any claim in connection with any contract, breach of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) guarantees, (ii) indemnities, (iii) intercompany loans, (iv) warranties, and (vi) other arrangements.

**11.    <u>Credits and Adjustments</u>**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a post-petition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and critical vendor payments, if applicable. The Debtors reserves all of its rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a post-petition basis.

**12.    <u>Guarantees and Other Secondary Liability Claims</u>**.  The Debtors have used their reasonable best efforts to locate and identify guarantees and other secondary liability claims (collectively, "**Guarantees**") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other similar agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedules of the Debtor or Debtors affected by such Guarantees. Where a Guarantee exists, co-obligors are listed on a Debtor's Schedule H to the extent the Debtor is either the primary obligor or the guarantor of the relevant obligation. To the extent that a Debtor is a guarantor, such Guarantees are also listed on its Schedule D or E/F, as appropriate, and listed as "contingent" and "unliquidated" unless otherwise specified. Further, it is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted.  Thus, the Debtors reserve their rights to amend the Schedules and Statements to the extent that additional Guarantees are identified.   In addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize, reclassify, add, or remove any such contract or claim.

13.     **Pledged Assets**.  A significant amount of the assets listed on the Debtors' Schedule A/B have been pledged as collateral by the Debtors.  Assets pledged as collateral include, among other things, cash, securities, inventories, equipment, contract rights, and other related assets.  In certain instances, one Debtor may be a co-obligor or guarantor with respect to the obligations of another Debtor or non-Debtor, which obligation or guarantee is secured by property pledged by the Debtor.

14.     **Leases and Executory Contracts**.  Certain leases may be reflected twice in a Debtor's Schedules – once in the Debtor's Schedule G as an executory contract and again in Schedule D or F, as appropriate, as a contingent, unliquidated claim on account of the Debtor's corresponding obligations under the lease or contract.  Nothing herein or in the Schedules or Statements shall be construed as a concession, admission or evidence as to the determination of the legal status of any leases identified in the Schedules or Statements, including whether such leases: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect, and the Debtors reserve all of their rights.

15.     **Intercompany Transactions.**  In the ordinary course of business, the Debtors and certain Non-Debtor Affiliates engage in intercompany transactions (the "**Intercompany Transactions**"), which result in intercompany receivables and payables (the "**Intercompany Claims**"). As set forth more fully in the Cash Management Motion, the primary Intercompany Transactions giving rise to Intercompany Claims are cash receipt activities, disbursement activities, inventory purchases, and expense allocations. Known and assumed prepetition receivables and payables among and between the Debtors and affiliates are reported on Schedule A/B, and Schedule E/F, respectively, per the Debtors' books and records. In certain instances, intercompany accounts may not have been reconciled and therefore the values are unknown and are listed as such. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.

16.     **Liabilities**.  Some of the scheduled liabilities are unknown, contingent, and/or unliquidated at this time. In such cases, the amounts are listed as "unknown," "to be determined," or "undetermined." Further, liabilities such as certain deferred liabilities, accruals, or general reserves are not included as they are general estimates and do not represent specific claims as of the Petition Date for each Debtor. Accordingly, the total amounts listed for some categories of liabilities in the Schedules and the Statements may not be equal to the aggregate amount of the Debtors' total liabilities as noted on any financial statements issued prior to the Petition Date.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

17.     **Creditor Facilities**. Although there may be multiple parties that hold a portion of the debt comprising the Debtors' prepetition credit facilities and notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule D, E/F, and H.

18.     **Confidentiality**. In certain instances, in the Schedules and Statements, the Debtors have

deemed it necessary and appropriate to redact from the public record addresses of individuals because of concerns for the privacy of, or otherwise to preserve the confidentiality of, personally identifiable information. Notwithstanding, the Debtors will mail any required notice or other documents to the address in their books and records for such individuals.  The home addresses of most of the Debtors' current and former employees (including directors and officers) may reflect the office locations of the employees.

19.     **First Day Orders**.  The Bankruptcy Court has authorized (each, a "**First Day Order**") the Debtors to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, Debtors' employee wages and compensation, commissions, benefits, and reimbursable business expenses; taxes and regulatory fees; claims of certain critical vendors and foreign creditors; claims of shippers, warehousemen, and other lien claimants; and obligations related to the customer and sales programs. Given that certain of these claims are anticipated to be paid in accordance with the First Day Orders, such claims may not be listed in the Schedules, or may otherwise be listed as "unknown" or "to be determined." The scheduled claims are intended to reflect only sums due and owing before the Petition Date for which the Debtors did not obtain relief from the Bankruptcy Court to satisfy in whole or in part.

The Debtors reserve their rights to object to any listed claims on the ground that, among other things, such claims have already been satisfied pursuant to a First Day Order.  The estimate of claims set forth in the Schedules may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

20.     **Excluded Assets and Liabilities**.  The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules.  The Debtors have excluded the following items from the Schedules: accrued gross-to-net liabilities, accrued salaries and commissions, employee benefit accruals, and certain other accruals, capitalized interest, debt acquisition costs, restricted cash, goodwill, financial instruments, liabilities, certain other assets, and deferred revenues and gains. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage claims exist.  Other immaterial assets and liabilities may also have been excluded.

21.     **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have expired by their terms.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have not been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have not expired by their terms.  Accordingly, the Debtors reserve all of their rights as to the legal status of all intellectual property rights.

22.     **Liens**.  The inclusion on Schedule D of creditors is not an acknowledgement of the validity, extent, or priority of any liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever.  A careful review of the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature,

extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an acknowledgment of same. Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors. It is not the Debtors' intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

23.   **Insiders**.  The Debtors have attempted to include all payments made by each Debtor over the 12 months preceding the Petition Date to any creditor deemed an "insider." For purposes of the Schedules and Statements, the Debtors defined "insiders" as such term is defined in section 101(31) of the Bankruptcy Code. The listing of a creditor as an "insider," however, is not intended to be nor should be construed as a legal characterization of such creditor as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Moreover, the Debtors do not take any position with respect to (i) such person's influence over the control of the Debtors, (ii) the management responsibilities or functions of such individual, (iii) the decision-making or corporate authority of such individual, or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law or with respect to any theory of liability or for any other purpose. As such, the Debtors reserve the right to dispute whether someone identified as an insider herein is in fact an "insider" as within the meaning of section 101(31) of the Bankruptcy Code or otherwise.

24.   **Limitation of Liability**.  The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy, completeness, or correctness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. The Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re- categorize the information provided herein or, except to the extent required by applicable law or an order of the Bankruptcy Court, to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

## Schedules of Assets and Liabilities

**Schedule A/B Notes**.

- **General**.  Each Debtor's assets in Schedule A/B are listed at net book value as of the Petition Date, unless otherwise noted, and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.  More specifically, the asset and liability totals represent amounts obtained utilizing trial balances through the Petition Date, with asset totals depreciated through March 31, 2024. The Debtors close their books quarterly.

- <u>Cash and Cash Equivalents (AB1 through AB5)</u>. The reported bank balances and cash on hand include cash held in various currencies, converted into U.S. dollars as of the Petition Date. Details with respect to the Debtors' bank accounts are provided in the Debtors' Schedules and are as of as of the Petition Date and may vary from the Debtor's books and records amounts.

- <u>Deposits (AB7)</u>. The Debtors have made reasonable efforts to identify all deposits. However, the Schedules may not reflect an exhaustive list of deposits.

- <u>Prepayments (AB8)</u>. The Debtors have made reasonable efforts to identify prepayments by vendor wherever feasible. In instances where individual balances are too numerous or minor to list separately, consolidated balances are reported instead.

- <u>Accounts Receivable (AB11)</u>. The Debtors' reported accounts receivable through March 31, 2024. Except for Biotie Therapies, LLC, accounts receivable balances are presented _gross_ of allowances for doubtful accounts and other reserves for any unsettled amounts that may be owed to customers in the form of chargebacks, discounts and returns. As of the Petition Date, these balances were as follows:
  - <u>Acorda Therapeutics, Inc</u>:
    - Allowance for doubtful accounts: $279,792
    - Reserve for returns: $29,457
    - Reserve for cash discounts: $180,623
    - Reserve for chargebacks: $344,703
  - <u>Civitas Therapeutics, Inc</u>.
    - Allowance for doubtful accounts: $37,413
    - Reserve for returns: $15,247
    - Reserve for cash discounts: $21,681
    - Reserve for chargebacks: $144,835

- <u>Investments (AB13 through AB17)</u>. Ownership interests in other Debtor subsidiaries and Non-Debtor Affiliates have been identified in AB15 in an undetermined amount because the fair market value of such ownership interest is dependent on numerous variables and factors that may cause their fair market value to differ materially from their net book value.

- <u>Inventory (AB19 through AB26)</u>. Items listed in AB19-26 are scheduled according to their net book value. The Debtors have made reasonable efforts to identify or estimate any inventory that was purchased within the 20 days preceding the Petition Date; however, it is possible that inadvertent errors or omissions may have occurred in identifying these amounts.
  - <u>AB19: Inventory</u>: Civitas Therapeutics, Inc.'s inventory balances do not include an obsolescence reserve of $1,764,175. As of the Petition Date, neither Acorda Therapeutics, Inc. nor any other debtors recorded or maintained such a reserve.
  - Cost is determined using a first-in, first-out method (FIFO) for all inventories.

- <u>Office Furniture, Fixtures, and Equipment; and Collectibles (AB38 through AB45)</u>. The Debtors have made reasonable efforts to identify all office furniture, fixtures, equipment, and collectibles; however, it is possible that inadvertent errors or omissions may have occurred in identifying these items. The value of the office furniture and fixtures and the office equipment included on Exhibits 39 and 41 are reflected at the net book value as of the Petition Date.

- <u>Machinery, Equipment, and Vehicles (AB46 through AB53)</u>. The Debtors have made reasonable efforts to identify all machinery, equipment, and vehicles; however, it is possible that inadvertent errors or omissions may have occurred in identifying these items. The manufacturing equipment value, including lab equipment, is recorded at its net book value as of the Petition Date.

- <u>Real Property (AB54 through AB58)</u>. Any buildings and leasehold improvements, as may be applicable, are listed on Schedule A/B, Part 9, independent of whether the real property to which the building or leasehold improvement is connected is property owned by the Debtors. Additionally, some amounts may have been listed as unknown due to the aforementioned circumstances. The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

  Certain of the instruments listed in the Schedules and Statements may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A/B 55, and elsewhere, is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B 55, and elsewhere, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument, including any intercompany agreement. The value of the leasehold improvements is reflected at the net book value as of the Petition Date.

- <u>Intangibles and Intellectual Property (Part 10):</u> Part 10 identifies the various patents, trademarks, internet domain names, licenses, royalties and customer lists that the Debtors have an interest in. The Schedules do not list the book balances of intangible assets because they may not be reflective of realizable values. As of the Petition Date, the Debtors' books and records included balances for various intangible assets; however, the Schedules do not list the book balances of intangible assets because they may not be reflective of realizable values. A determination as to the realizable value of each intangible and intellectual property has not been made and, therefore, the balance is listed as undetermined. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated or assigned; have expired by their terms; or otherwise have been transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed as an admission that such intellectual

property rights have not been abandoned, terminated or assigned; have not expired by their terms; or otherwise have not been transferred pursuant to a sale, acquisition or other transaction.

- Tax Refunds and Net Operating Losses ("**NOLs**") (AB72): The Debtors file a consolidated U.S. federal tax return for Acorda Therapeutics, Inc., Civitas Therapeutics, Inc., and Neuronex, Inc., while Biotie Therapies, Inc., which converted to an LLC in 2023, file separately. Balances presented herein represent estimated federal and state NOL amounts as of December 31, 2023. Additionally, state NOLs, filed on a consolidated basis across debtor entities, have been entirely allocated to Acorda Therapeutics, Inc.

- Interests in Insurance Policies (AB73). The Debtors maintain a variety of insurance policies including property, general liability, and workers' compensation policies, and other employee related policies. A determination as to the surrender or refund value of each of the insurance policies has not been made and therefore the balance is listed as undetermined.

**Schedule D Notes**.

- The Debtors' 6.00% convertible senior secured notes due December 1, 2024 were issued pursuant to that certain Indenture, dated as of December 23, 2019, by and among Acorda, as issuer, its wholly owned subsidiary Civitas Therapeutics, Inc., along with any domestic subsidiaries acquired or formed after the date of issuance, as guarantors, and Wilmington Trust, National Association, as trustee and collateral agent.

- Except as otherwise agreed in accordance with any stipulation and order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien listed on Schedule D purported to be granted to a secured creditor or perfected in any specific asset.

- Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security interests, have not been listed on Schedule D. The Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments.

- The Debtors have not included on Schedule D the claims of any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

- The amounts outstanding under the Debtors' prepetition secured notes reflect the approximate principal amounts as of the Petition Date.

- The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing

in these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation or an acknowledgment of the terms of such agreements or related documents.

**Schedule E/F Notes**.

- The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date. However, the actual value of claims against the Debtors may vary significantly from the represented liabilities.

- Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

- The Bankruptcy Court has authorized the Debtors to pay, in whole or in part, prepetition claims relating to the Debtors' employee wages and compensation, commissions, benefits, and reimbursable business expenses, and taxes and regulatory fees. The Debtors' Schedule E/F reflects those employee related claims or taxes and regulatory fees due and owing as of the Petition Date for which the Debtors obtained relief from the Bankruptcy Court to satisfy in whole or in part.

- The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute.

- Certain omissions may have occurred. The inclusion of any legal action in the Schedules and Statements does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

- In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date. Furthermore, payments to critical and foreign vendors, and lienholders made subsequent to the filing of these Schedules will not be reflected in these Schedules. The Debtors reserve the right, but are not required, to amend Schedules E/F if they receive such invoices and/or make such payments. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect all credits or

allowances due from the creditor.  The Debtors reserve all of their rights concerning credits or allowances.

**Schedule G Notes**.

- The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary.  Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract.  Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved.  In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any  appropriate filing.

- In some cases, the same contract counterparty appears multiple times in a Debtor's Schedule G.  This multiple listing is generally intended to reflect distinct agreements between the applicable Debtor and such counterparty, however, due to the magnitude of data, it is possible that a multiple listing may be the result of duplicates.

- To the extent that dates are included in Schedule G, such dates solely represent the initial execution of agreements between the Debtors and third parties. Given the significant administrative effort required to determine the duration of each contract, only the inception dates of these agreements are disclosed.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.  A Debtor's Schedule G may be amended at any time to add or remove, as the case may be, any omitted contract, agreement or lease.

- The contracts, agreements, and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended, and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Certain of the leases listed on Schedule G may contain renewal options, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth on Schedule G.  Certain of the agreements listed on Schedule G may also be in the nature of conditional sales agreements or secured

financings, and their inclusion on Schedule G is not an admission that the agreement is an executory contract, financing agreement, or otherwise.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained. In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

**Statement of Financial Affairs**

**Statement Question 3 – 90 Day Payments.**  Due to the complex nature of the Debtors' global operations, the listed 90-day payments may not constitute an exhaustive list.  Payments to the Debtors' bankruptcy professionals, insiders, intercompany transactions, wage garnishments and donations were not included in the payments to creditors. Payments to the aforementioned parties were included in the following locations within the Statements: bankruptcy professionals (Question 11) and insiders (Question 4).

**Statement Question 4 – Payments to Insiders.**  For the purpose of this question, all payments are listed on the Statement of the Debtor that actually made the payment. Stock options are not reflected in the schedule, because although they were granted during the lookback period, none were exercised.

**Statement Question 7 – Legal Actions.**  Certain litigation actions against one Debtor may relate to any of the other Debtors or Non-Debtor Affiliates. The Debtors have made commercially reasonable efforts to identify all current pending litigation involving the Debtors and to record these actions in the Statements of the Debtor that is party to the action. However, certain omissions may have occurred. The inclusion of any legal action in this question does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim currently pending or that may arise in the future. As the Debtors continue to operate their business, additional litigation actions may arise as a result thereof. Accordingly, the Debtors reserve the right to amend, supplement, or otherwise modify the Schedules and Statements, as is necessary or appropriate.

**Statement Question 11 – Payments Related to Bankruptcy**. During the one year prior to the Petition Date, the Debtors sought assistance from various professionals and individuals and have included all payments made to those professionals, including those services unrelated to the bankruptcy filing. Due to timing and resource limitations, the Debtors are unable to effectively bifurcate payments solely related to debt restructuring and/or bankruptcy services for the one-year period prior to the Petition Date. As a result, the payments listed in response to this question may include payments not related to debt restructuring and/or bankruptcy services for certain professionals listed.

**Statement Question 25 - Other businesses in which the Debtor has or has had an interest:**
No Taxpayer ID number could be identified by the Debtor for Biotie Therapies Gmbh. Instead, the entity's registered number with the German government has been listed.

**Statement Question 26b - Firms or Individuals Who Have Audited, Compiled, Or  Reviewed Debtor's Books.**  Other third parties may have audited, compiled, or reviewed the Debtor's books but are not included in the Debtors' responses to Statement Question 26b.

**Statement Question 26c – Firms or Individuals in Possession of Debtor's Books of Account and Records.**  Other third parties besides those listed may possess a subset of the Debtor's  books and records but are not included in the Debtors' responses to Statement Question 26c.

**Statement Question 26d – Parties whom the debtor issued a financial statement within 2 years before filing this case.**  Acorda is a registrant with the Securities and Exchange Commission

("**SEC**") and as such files periodic reports on Form 8-K, Form 10-Q, and Form 10-K. Additionally, financial information for Acorda can be found on Acorda's website at www.acorda.com. Due to the fact the SEC filings and Acorda's website are of public record, Acorda does not maintain records for those parties that have requested or obtained copies of any of the reports from the SEC or the Debtor. The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. Additionally, the Debtors have also provided financial statements to numerous parties who were conducting due diligence during the course of the Debtors' pre-petition sale and financing process. Considering the number of such recipients and the possibility that in some cases such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of SOFA 26d.

**Statement Question 28– Current and Directors.** The percentage of beneficial ownership is based on 1,279,834 shares of common stock issued and outstanding on April 25, 2024.

**Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders.** Refer to Statement Question 11 for this item.

**Fill in this information to identify the case:**

Debtor name __**Biotie Therapies AG**__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF NEW YORK__

Case number (if known) __**24-22289**__

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

---

### Part 1:    Income

**1.  Gross revenue from business**

■ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|

**2.  Non-business revenue**
Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|

---

### Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

**3.  Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|
| 3.1  Intertrust Services (Schweiz) AG ZÄHLERWEG 6 ZUG  300 SWITZERLAND | 3/29/2024 | $18,253.40 | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ■ Services ☐ Other |

---

Debtor   **Biotie Therapies AG**                                   Case number (*if known*)   **24-22289**

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None

| Insider's name and address | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ■ None

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

Debtor   **Biotie Therapies AG**                                          Case number (*if known*)   **24-22289**

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ■ None

| Custodian's name and Address | Describe the property | Value |
|---|---|---|

---

**Part 4:   Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

---

**Part 5:   Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

   ■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss  If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

Debtor    **Biotie Therapies AG**                                                    Case number (*if known*)    **24-22289**

| Part 6: | Certain Payments or Transfers |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 Intertrust (UK) Limited<br>1 Bartholomew Lane<br>London  EC2N 2AX | | 1/22/2024 | $923.22 |
| **Email or website address**<br>www.intertrustgroup.com | | | |
| **Who made the payment, if not debtor?** | | | |
| 11.2 Intertrust (UK) Limited<br>1 Bartholomew Lane<br>London  EC2N 2AX | | 10/19/2023 | $3,959.24 |
| **Email or website address**<br>www.intertrustgroup.com | | | |
| **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

■ None

| Who received transfer?<br>Address | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

Debtor    **Biotie Therapies AG**                                     Case number (*if known*)   **24-22289**

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| | | | |

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---|---|
| | |

**Part 8:   Health Care Bankruptcies**

**15  Health Care bankruptcies**
.    Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | | |

**Part 9:    Personally Identifiable Information**

**16.  Does the debtor collect and retain personally identifiable information of customers?**

■ No.

☐ Yes. State the nature of the information collected and retained.

**17.  Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10

**Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

Debtor   **Biotie Therapies AG**                                    Case number (*if known*) **24-22289**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1   Morgan Stanley EUR/US<br>233 S WACKER DR<br>STE 8600<br>Chicago IL 60606 | XXXX-5675 | ☑ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other _____ | 6/1/2023 | $0.00 |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it;Address | Description of the contents | Do you still have it? |
|---|---|---|---|
| 20.1   EPL Archives, LLC<br>45610 Terminal Drive<br>Sterling VA 20166 | Sue Way, 2 Blue Hill Plaza, 3rd Floor, Pearl River NY, 10965 | Nalmefene samples | ☐ No<br>☑ Yes |
| 20.2   Labcorp Early Development (Formerly Covance Laboratories Ltd)<br>Otley Road<br>Harrogate<br>N Yorkshire  HG3 1PY<br>United Kingdom | Sue Way, 2 Blue Hill Plaza, 3rd Floor, Pearl River NY, 10965 | BTT1023/VAP 1 nonclinical samples | ☑ No<br>☐ Yes |
| 20.3   MasterPlanet Oy<br>Tykistökatu 4 B 4.krs<br>Turku  20520<br>Finland | Pasqual Zottola, 2 Blue Hill Plaza, 3rd Floor, Pearl River NY, 10965 | Biotie servers, hard drives | ☐ No<br>☑ Yes |
| 20.4   Suomen Arkistovoima Oy<br>Lemminkäisenkatu<br>Turku 50  20520<br>Finland | Sue Way, 2 Blue Hill Plaza, 3rd Floor, Pearl River NY, 10965 | Biotie documents | ☐ No<br>☑ Yes |

| Debtor | **Biotie Therapies AG** | Case number (*if known*) | **24-22289** |
|---|---|---|---|

---

**Part 11:** Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

| Owner's name and address | Location of the property | Describe the property | Value |
|---|---|---|---|

---

**Part 12:** Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

Debtor    **Biotie Therapies AG**                                    Case number (*if known*)  **24-22289**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1 | BDO USA<br>PO Box 642743<br>Pittsburgh PA 15264-2743 | April 1, 2022 - April 1, 2024 |
| 26a.2 | CFGI Holdings, LLC<br>PO BOX 791561<br>BALTIMORE MD 21279-1561 | April 1, 2022 - April 1, 2024 |
| 26a.3 | Intertrust AG<br>Zählerweg 6  300 Zug | April 1, 2022 - April 1, 2024 |
| 26a.4 | Michael Gesser<br>Address on file | April 1, 2022 - April 1, 2024 |
| 26a.5 | Nikita Saxena<br>Address on file | June 6, 2022 - April 1, 2024 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement
within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26b.1 | Ernst & Young, LLP<br>200 Plaza Drive<br>Secaucus NJ 07094 | April 1, 2022 - April 1, 2024 |
| 26b.2 | Protiviti<br>12269 COLLECTIONS CENTER DRIVE<br>CHICAGO IL 60693 | April 1, 2022 - March 31, 2024 |

| Debtor | **Biotie Therapies AG** | | Case number (*if known*) | **24-22289** |
|---|---|---|---|---|

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1    Ernst & Young, LLP<br>200 Plaza Drive<br>Secaucus NJ 07094 | |
| 26c.2    GRM Information Management Services, Inc.<br>215 Coles Street<br>Jersey City NJ 07310 | |
| 26c.3    Intertrust AG<br>Zählerweg 6  300 Zug | |
| 26c.4    IRON MOUNTAIN (SCHWEIZ) AG<br>Grubenstrasse 11<br>Urtenen-Schönbühl  3322<br>Switzerland | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No.

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.1    Michael A. Gesser | Address on file | Board Member - Deputy Member | N/A |
| 28.2    Ron Cohen, M.D. | Address on file | Board Member | N/A |

| Debtor | **Biotie Therapies AG** | Case number (*if known*) | **24-22289** |
|---|---|---|---|

**29.** **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No.
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| | | | |

**30.** **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No.
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| | | | |

**31.** **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No.
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | |

**32.** **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No.
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|
| | |

| | | | |
|---|---|---|---|
| Debtor | **Biotie Therapies AG** | Case number (*if known*) | **24-22289** |

<table>
<tr><td>**Part 14:**</td><td>**Signature and Declaration**</td></tr>
</table>

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct

Executed on      **May 15, 2024**

**/s/ Michael A. Gesser**                                    **Michael A. Gesser**
Signature of individual signing on behalf of the debtor            Printed name

Position or relationship to debtor      **Board Member, Deputy Member**

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☒ No
☐ Yes